Case 9:26-cv-80488-AMC Document 1-1 Entered on FLSD Docket 04/27/2026 Page 1 of 15

Filing # 245102686 E-Filed 04/01/2026 03:43:01 PM

CPS#3109    Initial:
Date: 4/7/26    Time: 2:09 PM

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
### IN AND FOR PALM BEACH COUNTY, FLORIDA

| | |
|---|---|
| W.P.B. ASSOC. OF FIREFIGHTERS LOCAL 727 I.A.F.F, KEITH WHITE, AND CHRIS DEGLER ) ) ) ) | CASE NO.: |
| Plaintiff, ) ) | |
| vs. ) ) | |
| CITY OF WEST PALM BEACH, ) ) | |
| Defendant. ) | |
| _____/ | |

## SUMMONS

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint/Petition in this lawsuit on the above named Defendant (s) by serving:

**CITY OF WEST PALM BEACH**
**c/o Mayor Keith James**
**401 Clematis Street, Second Floor**
**West Palm Beach, FL 33401**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are no other legal requirements. You may want to call an attorney right away If you do not know of an attorney, you may call an attorney referral service or legal aid office (listed in the phone book)

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

| | |
|---|---|
| Plaintiff(s) Attorney: | **Isidro M. Garcia, Florida Bar No. 437883** |
| Address: | **GARCIA LAW FIRM, P.A., 120 S. Olive Ave., Suite 401, West Palm Beach, FL 33401** |
| Telephone: | **(561) 832-7732** |

THE STATE OF FLORIDA
DATED ON ____**APRIL 02**____, 2026 Clerk of the Circuit
Court



BY: _____

Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales, si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefinica. Si desea responder a la demanda por su cuente, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis alterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

This notice is provided pursuant to Administrative Order No. 2.207-9/12

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County

Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561)355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con Tammy      Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

Filing # 245102686 E-Filed 04/01/2026 03:43:01 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

W.P.B. ASSOC. OF FIREFIGHTERS )     CASE NO.:
LOCAL 727 I.A.F.F, )
KEITH WHITE, AND CHRIS DEGLER )
)
Plaintiff, )
)
vs. )
)
CITY OF WEST PALM BEACH, )
)
Defendant. )
_____/

## PLAINTIFF'S VERIFIED COMPLAINT

Plaintiffs bring this action under the Family and Medical Leave Act, 29 U.S.C. §2601, et seq., hereinafter "the Act," for violations of their rights under the Act and to recover declaratory relief, benefits, and an additional equal amount as liquidated damages, and for reasonable attorney's fees and costs.

1.      This Court has jurisdiction over this claim in accordance with 29 U.S.C. §2617(a)(2), as the amount in controversy is more than $50,000, and venue is proper in Palm Beach County as all acts occurred herein.

2.      Defendant is a local governmental entity located in Palm Beach County, Florida and is Plaintiffs "employer" at all times relevant hereto for purposes herein.

3.      Plaintiffs, Keith White and Chris Degler, are eligible employees as defined by 29 U.S.C. § 2611(2)(A)(i)-(ii) and are therefore entitled to receive FMLA benefits. Plaintiff, West Palm Beach Association of Firefighters Local 727, I.A.F.F (Union), is a collective bargaining

1

representative of Plaintiffs and all other firefighters similarly situated.

4.     At all times hereinafter mentioned, Defendant CITY OF WEST PALM BEACH, having been engaged in related activities performed through unified operation or common control for a common business purpose; having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, or otherwise working on goods or materials that have been moved in or produced for commerce; or using instrumentalities of commerce and having 50 or more employees for each working day during each of the 20 or more calendar workweeks in the current and preceding calendar year, or a public agency, therefore constitutes an "employer" as defined by 29 U.S.C. §2611(4) (A).

5.     Plaintiffs are employed by the Defendant at all times relevant hereto as members of the West Palm Beach Association of Firefighters (Union) and are qualified and licensed to perform said work.

6.     On June 28, 2025, Firefighter Keith White spoke with Battalion Chief Greg Gordon to inform Battalion Chief Gordon that White would be using FMLA intermittent leave for baby bonding that day. Battalion Chief Gordon input this request into Telestaff. On July 1, 2025, Firefighter White received a phone call from Battalion Chief Howard Plasman regarding Firefighter White's July 28, 2025 FMLA intermittent leave . Battalion Chief Plasman told Firefighter White that the case number Firefighter White had provided for his FMLA intermittent leave had expired, as it was in regards to his FMLA parental claim, and that Firewhite would have to request another claim through Sedgwick, a third party FMLA administrator. During this conversation, Firefighter White explained to Battalion Chief Plasman that Firefighter White's daughter was sick the day of June 28, 2025, which is why he had to stay home. Once Firefighter

2

White told Battalion Chief Plasman this information, Battalion Chief Plasman told Firefighter White that the June 28, 2025 absence would not qualify for use as FMLA intermittent leave, and instead would be marked as sick leave, and that Firefighter White would have to provide a doctor's note. Firefighter White's June 28, 2025 absence remains coded as sick leave despite the fact that he was issued a proper FMLA case number from Sedgwick. Firefighter White did not receive Fair Labor Standards Act overtime during this pay period as a result of this absence being declared as sick leave over FMLA intermittent leave.

7.      On December 19, 2025, Firefighter Keith White notified Battalion Chief Howard Plasman of his intent to use his FMLA intermittent leave on December 25, 2025, for "baby bonding", under an already approved FMLA leave approval.

8.      Battalion Chief Plasman explained to Firefighter White that approval from the Fire Administration would be required. Firefighter White was informed on December 22, 2025 that Fire Chief and Department Director Diana Matty would not permit the use of FMLA intermittent leave on December 25, 2025. No explanation was provided as to why the leave was denied. Similarly, Plaintiff and Firefighter Chris Degler was also denied intermittent leave for baby bonding on the pretext that his baby was sick, so he was forced to take sick leave instead. Firefighter Chris Degler attempted to utilize intermittent FMLA on January 3, 2026 to cover his January 4, 2026 shift. He contacted Interim Battalion Chief Raul Sandoval, who denied his usage of intermittent FMLA after discovering Firefighter Degler's child was sick. Interim Battalion Sandoval required Firefighter Degler to utilize sick leave. The use of sick leave by Firefighter Degler will result in a financial loss since the Union's Collective Bargaining Agreement allows for the conversion of sick leave to be paid out directly to employees, or banked as "Earned

3

Personal Leave", if not utilized in the previous calendar year.

9.     The Union spoke with Assistant Chief James Gribble as to why Firefighter White's Request for leave was denied. Assistant Chief Gribble told the Union that Fire Chief Matty denied the use of intermittent FMLA. Assistant Chief Gribble cited City Policy 4-12, section b(2), and asserted that Fire Chief Matty had the authority to approve or deny intermittent FMLA leave once an employee is approved for such leave.

10.     Firefighter White's leave denial was not based on eligibility, exhaustion of FMLA leave, lack of notice, or failure to follow established procedures. Firefighter White's leave request was denied based exclusively on the fact that it fell on a holiday.

11.     On January 26, 2022, the Union entered into a written agreement with the Defendant regarding FMLA & Military Leave, see attached as **Exhibit A**. Within this arrangement, FMLA for "baby bonding" was explicitly approved: "the first 240 hours of FMLA baby bonding, if used within the first 6 weeks of baby's life, are covered by the City as parental leave and does not come from the employee's sick leave. This equates to 10 shifts of paid time off." This was later amended to 288 hours of parental leave on October 2, 2024, when the next Collective Bargaining Agreement went into effect.

12.     The Defendant improperly denied Firefighter White's lawful use of intermittent FMLA, specifically, leave reserved for "baby bonding". The Defendant misapplied its own policy, City Policy 4-12, in violation of federal law and established past practice between the Union and the Defendant.

13.     City Policy 4-12, section b(2), which Fire Chief Mattyy relied upon to deny Firefighter White's request, applies to intermittent FMLA leave based on medical necessity. This

4

policy does not govern FMLA leave following the birth of a child. Applying a medical necessity approval standard to baby bonding leave is inconsistent with the structure and requirements of FMLA.

14.     Intermittent and reduced scheduled leave is permitted under 29 C.F.R. § 825.120(b) if an employer agrees. It is the established and longstanding practice of the Defendant that the first 288 hours of FMLA following the birth of a healthy child are taken continuously within the first six (6) weeks as parental leave and the remaining 232 hours may be used intermittently as "baby bonding" leave, without restriction or additional approval from Fire Administration, during the remaining forty-six (46) weeks of the FMLA rolling twelve (12) month period. Nothing under 29 C.F.R. § 825.120 authorizes selective or arbitrary denial of intermittent leave once an employer has established a policy or practice of allowing such leave.

15.     Defendant denying Firefighter White's use of intermittent FMLA simply because his requested date for leave fell on Christmas Day has no basis in the FMLA or its regulations. Per 29 C.F.R 825.220(a): "The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights."

16.     Plaintiff seeks declaratory judgment that the Defendant's denial of intermittent FMLA leave on the basis of holidays is a violation of the FMLA and is an impermissible practice between the Defendant and the Union; Firefighter White's use of sick leave on June 28, 2025 be converted to FMLA leave;  Firefighter Degler's use of sick leave on January 4, 2026 be converted to FMLA leave; and that Firefighter White be provided 24 hours of non-chargeable leave to be used on December 26, 2026.

5

17.     Plaintiff also requests a reasonable attorney's fees and costs in accordance with 29 U.S.C. §2617(a)(3).

WHEREFORE, Plaintiff demands declaratory judgment against Defendant, equitable relief, reasonable attorney's fees and costs, and a trial by jury of all issues so triable as of right.

## JURY DEMAND

PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.

I DECLARE UNDER PENALTY OF PERJURY that the foregoing factual allegations are true and correct to the best of my knowledge and belief.

KEITH WHITE

Dated: 03/20/26

CHRIS DEGLER

Dated: 3-27-26

RYAN STACEY, VICE PRESIDENT
OF THE WEST PALM BEACH
ASSOCIATION OF FIREFIGHTERS
LOCAL 727 I.A.F.F

Dated: 3/31/2026

6

Respectfully submitted,

ISIDRO M. GARCIA
Florida Bar No. 437883
GARCIA LAW FIRM, P.A.
120 South Olive Ave., Suite 401
West Palm Beach, FL 33401
Telephone:     (561) 832-7732
Telecopier:    (561) 832-7137
E-mail: isidrogarcia@garcialaborlaw.com
COUNSEL FOR PLAINTIFF

Date: April 1, 2026

7



## FMLA & Military Leave meeting

January 26, 2022

Attendees: Jennifer Chripauk, French, Stacey, Gribble, Montero, Bermudez, Green, Chyle, Michelini, Plasman, Lamb, Moran, Collazo, and Peek.

Sedwick 888.436.9530 http://timeoff.sedgwick.com

1. FMLA is based on a 12 week rolling calendar year (12 months rolling).
2. 480 hours to use in that time period total no matter how many events.
3. Not based on how many hours you work per week.
4. Worker comp runs concurrently with FMLA total hours, meaning time spent on DDL will reduce the amount of time available as FMLA.
5. An employee is not eligible for FMLA until 12 months worked.
6. Employees cannot work outside employment during FMLA.
7. FMLA for COVID
   a. New hires are not covered under FMLA until they have worked 12 or more months
   b. COVID Sick Leave or FMLA will not count toward sick leave abuse
8. FMLA - Baby Bonding
   a. The first 240 hours of FMLA - Baby Bonding, if used within the first 6 weeks of baby's life, are covered by the city as Parental Leave and does not come from the employee's sick leave. This equates to 10 shifts of paid time off.
   b. Kelly Days do not count as one of the 10 shifts and any vacation during this timeframe should be converted to Parental Leave
   c. After the 6 week period, the employee may use up to 240 hours as FMLA Intermittent - Baby Bonding.
   d. Battalion Chiefs or Fire Administration can not deny FMLA Intermittent - Baby Bonding and it can be for an entire shift without additional discussion.

2801 TUXEDO AVENUE WEST PALM BEACH, FL 33406 • (561) 444-9855 • INFO@WPB727

**EXHIBIT**
**A**

e. No return to work note needed for FMLA - Baby Bonding

9. FMLA - Intermittent Process
   a. Battalion Chief (BC) or Fire Administration cannot outright deny FMLA-I but are not required to grant the entire shift unless being requested for "Baby Bonding".
   b. BC and the employee should have a dialogue to discuss the issue and develop a plan to determine how much time is needed in the course of a shift.
   c. Employees are encouraged to work with the BC for an appropriate schedule/plan.
   d. Childcare issues are not covered, "Baby bonding".
   e. Doctor appointment: the employee can be required to return to work after the appointment.
   f. Time off can be split into FMLA-I and SL on the same day if the employee does not return from an appointment.
   g. Cannot ask to see documentation from appointment but can as for estimate timeframes and travel
   h. FMLA-I has to be reported to Sedgwick also by the employee each time it is used.
   i. When using FMLA follow the sick leave process with FMLA coding.

10. Employees should have an FMLA number when calling BC.

11. If the BC is aware that an issue can be qualified for FMLA they should advise the employee that this can be considered FMLA and assist by providing Sedgwick's information.

12. FMLA eligibility must be determined in order to be eligible for Donation banks.

13. Sedgwick Requirements:
    a. Doctors must fill out a form for FMLA to care for a family member.
    b. Can be denied FMLA if known medical issues that weren't notified 30 days prior.
    c. FMLA can be denied for voluntary surgery if it conflicts with operations.

14. Battalion Chief information:
    a. Batt Chief can send outliers to ███████████████ 561.494.1013 johrincauk@wpb.org
    b. Easier to code FMLA up front and if it is denied can convert to SL.
    c. Telestaff can track FMLA and DDL concurrently.

15. Corvell and Sedgwick do not communicate for the 480 hrs

16. Continuous leave (3 shifts or more) you have to complete "fit for duty" including drug test. The employee has to call the clinic to schedule

17. Military Leave:

a. Military Leave Pay (PLMIL) is available starting at 12am on the date of the training or the dates for the active duty.

b. If anyone determines that they can not work a portion of a shift prior to those dates (to be "fit to perform" to travel to the location, etc), then that individual can take other leave/accruals(VMIL).

Fraternally,

Jayson E. French, President

**Executive Board:**

| Brian Dolan *Executive Vice President* vp@wpb727.com | Ryan Stacey *Legislative Vice President* lvp@wpb727.com | Dave DuPlassis *Secretary* secretary@wpb727.com | Norwing Rosales *Treasurer* treasurer@wpb727.com |
|---|---|---|---|

2801 TUXEDO AVENUE WEST PALM BEACH, FL 33406 • (561) 444.8888 • INFO@WPB727.COM